MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Aysen Unlu,

Petitioner,

v.

David R. Rivas,

Respondent.

No.  CV-26-02205-PHX-DJH (ASB)

**ORDER**

On March 27, 2026, self-represented Petitioner Aysen Unlu, who is confined in the San Luis Regional Detention Center, filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).  The Court will dismiss without prejudice the Petition and this action.

Petitioner is a native and citizen of Turkey who applied for admission to the United States at a port of entry on January 7, 2025.  She has been detained since then.  On July 15, 2025, an immigration judge denied Petitioner's asylum application, ordered her removed to Turkey, but withheld removal.  Petitioner appealed the removal order.  On January 8, 2026, the Board of Immigration Appeals affirmed the immigration judge's order.

In Ground One, Petitioner alleges she should be released because she is not a flight risk or a danger to the community.  In Grounds Two through Seven, she raises claims regarding her conditions of confinement.

. . . .

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). Because Petitioner filed her § 2241 Petition during the 90-day removal period, the Court will dismiss the Petition and this action. *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.").

Moreover, the Court will dismiss Grounds Two through Seven because those claims arise, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

**IT IS ORDERED:**

(1)     Petitioner's § 2241 Petition (Doc. 1) and this action are **dismissed without prejudice**.

(2)     The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 2nd day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -